**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
08 FEB 25 PM 3:59
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| **GEORGE MARTIN** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **THE BOOTH TARKINGTION CIVIC** | ) CASE NO. |
| **THEATRE OF INDIANAPOLIS,** | ) |
| | ) 1 : 08 -cv- 0243 -RLY -TAB |
| Defendant. | ) |

## COMPLAINT

Plaintiff, George Martin ("Martin"), by counsel, hereby files this Complaint against The Booth Tarkington Civic Theatre of Indianapolis ("Defendant") for declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq. (hereinafter "Americans with Disabilities Act" or "ADA").

### PARTIES

1.  Martin is a resident of Hamilton County, Indiana and is a qualified individual with a disability under the ADA as he is, among other qualifying things, profoundly deaf and communicates in American Sign Language ("ASL").

2.  Defendant, The Booth Tarkington Civic Theatre of Indianapolis, is an Indiana corporation, conducting business in the State of Indiana.

### JURISDICTION, VENUE AND STANDING

3.  The United States District Court for the Southern District of Indiana has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this case raises questions under Title III of the ADA, 42 U.S.C. § 12181 et seq.

4.  Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because the

Defendant may be found in this district and the challenged conduct occurred in this state.

5.	There is a real and immediate threat of future harm, and there is a likelihood that Martin will return to Defendant's Indianapolis, Indiana, location, and it is also likely that Martin will suffer blatant discrimination at the hands of Defendant; in support thereof Martin alleges the following to establish standing:

- a. Martin desires to attend performances offered by Defendant;
- c. Martin lives in close proximity to Defendant's Indianapolis, Indiana theatre;
- d. Martin communicates in American Sign Language and requires a qualified sign language interpreter for interpretation while attending the theatre.
- e. Defendant refused, and continues to refuse, to provide a qualified sign language interpreter for Martin, despite his requests. Defendant failed to maintain a policy of providing effective communication to its deaf and hard of hearing customers.
- g. Martin has a definite desire to go to Defendant's Indianapolis, Indiana theatre and attend a performance.

## FACTS

6.	In or about November 2007, Martin contacted Defendant's Indianapolis, Indiana, ticket office via telephone relay to purchase tickets to attend an upcoming performance.

7.	Martin identified himself as being deaf, and requested that Defendant provide a sign language interpreter for the performance.

8.	Martin was informed that he would receive a telephone call back from Defendant's manager regarding whether Defendant would provide an interpreter.

2

9. Martin received no response from Defendant.

10. Approximately one week later, and three days prior to the date of the show, Martin again contacted Defendant's ticket office via telephone relay to say that he had never been contacted by the manager, or any other individual from Defendant, and that he still desired to see a performance with the assistance of a sign language interpreter.

11. Martin was informed that he did not receive a call back because "there was no need to call back."

12. Martin was further informed that no interpreter would be provided, nor would Defendant pay for the cost of retaining one.

13. Martin still desires to see a performance at Defendant's Indianapolis, Indiana location.

14. Defendant has refused to provide a qualified sign language interpreter and has denied services to Martin.

15. Because of his disability, Martin is being excluded from receiving equal services from Defendant.

16. Defendant willfully, knowingly and intentionally discriminated against Martin in violation of Title III of the ADA.

## COUNT I

## DEFENDANT VIOLATED TITLE III OF THE ADA

17. Martin incorporates by reference the allegations in paragraphs 1-16 of this Complaint.

18. Martin is an individual with a disability under Title III of the ADA and meets the essential eligibility requirements for Defendant's services at all times relevant hereto.

19. Defendant is a public accommodation and must provide qualified sign language interpreters when necessary to provide effective communication.

20. Defendant violated Title III of the ADA when it:

   a. Failed to maintain policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

   b. Failed to ensure that communications with Martin were as effective as communications with hearing patrons;

   c. Failed to provide auxiliary aids and services, including a qualified interpreter, and to modify policies and procedures to prevent discrimination against Martin; and

   d. Excluded Martin from services and denied Martin the benefit of these services due to his disability.

21. Martin has been and will continue to be denied access to, and the benefit of, services available from Defendant because Martin has a definite need and intention to attend performances at Defendant's premises in the future.

22. Martin has a realistic, credible, existing and continuing threat of discrimination from the Defendant's continuing violations of the ADA based on the violations set forth in this Complaint. Martin has a reasonable fear he will continue to be discriminated against in violation of the ADA unless he is afforded injunctive relief by the Court.

23. Martin has been obligated to retain undersigned counsel for the filing and prosecution of this action. Martin is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

24. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant

Martin injunctive relief.

**WHEREFORE** Plaintiff, George Martin, respectfully requests that this Court grant the following injunctive and declaratory relief ordering Defendant:

    a.    To cease discrimination against Martin and other deaf and hard of hearing individuals;

    b.    To promulgate and comply with policies and procedures to ensure that Defendant and its staff do not discriminate against individuals who are deaf and hard of hearing.

    c.    To promulgate and comply with procedures to ensure that Defendant will provide and pay for qualified interpreter services when needed by individuals who are deaf and hard of hearing when providing services offered by Defendant;

    d.    To promulgate and comply with procedures to ensure that Defendant will notify individuals who are deaf and hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that state the Defendant will provide sign language interpreters, TTYs and/or other communication services that ensure effective communication with deaf and hard of hearing persons.

    e.    Award reasonable costs and attorney's fees; and

    f.    Award any and all other relief that may be necessary and appropriate.

    Respectfully submitted,

_____
Philip J. Gibbons, Jr. (#19353-49)

_____
Elizabeth A. Joseph (# 24968-29)

Attorneys for Plaintiff, George Martin

5

GIBBONS JONES, P.C.
10401 North Meridian Street, Suite 300
Indianapolis, Indiana  46290
Telephone:   (317) 706-1100
Facsimile:   (317) 616-3335
E-mail:   pgibbons@gibbonsjones.com
          ejoseph@gibbonsjones.com